(No. 39971.—

HILL FREIGHT LINES, INC., Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(LEO AYASH, Appellee.)

*Opinion filed January 19, 1967.*

HACKBERT, ROOKS, PITTS, FULLAGAR & POUST, of Chicago, (DOUGLAS F. STEVENSON, PAUL NORLAND, and DANIEL SOCHA, of counsel,) for appellant.

J. MICHAEL MADDA, of Chicago, (CHARLES WOLFF, of counsel,) for appellee.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

This appeal is by the employer-respondent from a decision of the circuit court of Cook County affirming an award of the Industrial Commission. The arbitrator found for the petitioner, Leo Ayash, and awarded 28-3/7 weeks of temporary total compensation, 35% permanent disability of the left leg, 25% permanent disability of the right leg, and $1,774 for medical services for a total amount of $10,-308.64. However, the arbitrator gave the employer credit for $1,015 against the award, representing the $115 admittedly paid and 20 weeks at $45 per week or $900 which the employee had received under a welfare program financed by contributions by the employer. On review the commis-

sion reduced the employer's credit for compensation paid by $900 from $1,015 to $115 but otherwise affirmed the decision of the arbitrator.

The employer on appeal contends that the commission erred as a matter of law when it failed to allow credit for weekly benefits received by the employee under a union health and welfare plan to which employer contributed, and when it required employer to reimburse the employee for medical, surgical and hospital services incurred. As to the reimbursement for medical services, the employer insists that it had the employee treated by competent surgeons who advised against surgery or further treatment and the employe thereafter persisted in seeking other medical treatment, including surgery which was unnecessary and left employee in a worse physical condition than before; that the medical bills have never been tendered to the employee for payment and are not shown to be his debts; and that the commission is required to give the employer credit for the expense of medical services where they have been furnished under a group health plan contributed to by the employer.

The employee had worked for the employer for two months prior to August 23, 1963, on which date he lifted a 90 pound carton, felt a severe pain in his lower back and legs, and fell to the ground. The employee testified that he did not know he was entitled to receive medical attention from his employer but thought he had to get it from the union. On September 18 he asked his union president for hospitalization but was told to go to the company doctor. On that date he requested medical attention from his employer who sent him to the Weinzimmer Clinic. Two orthopedic surgeons, Dr. Banks and Dr. Gleason, examined the employee and found no active organic condition of the lumbar spine and recommended no further treatment but stated that the employee could return to his normal or routine work. The employer's insurance carrrier paid the

employee temporary benefits of $115 for the two weeks in which his condition was under investigation but made no further payments thereafter. Since employee's back pain continued, he again asked the union president for assistance and on October 11, 1963, the union sent him to the Simon Clinic. Although heat and physiotherapy treatments were prescribed, his symptoms failed to respond to treatment. Dr. Huncke of the clinic recommended that he be hospitalized for a possible disc injury, and on October 18 he was admitted to Augustana Hospital and was there until November 5, 1963. In the hospital a myelogram was performed which proved negative. He returned home but continued to have back and leg pains. Thereafter at the clinic physiotherapy treatments did not relieve the symptoms and a Dr. Hall recommended an exploration of the spine and a spinal fusion if indicated. He entered the hospital on December 29, 1963, and a laminectomy at L-4, L-5 and L-5, S-1, and a spinal fusion were performed. It was Dr. Hall's opinion that it was reasonably necessary to do an exploration and fusion to relieve the back and leg pain which had failed to respond to conservative therapy. The doctor's final diagnosis was lumbo-sacral strain and lumbo-sacral instability. On April 6, 1964, he returned to work for the employer but limited himself to handling light loads.

First, we will consider the contention of the employer that the employer is only responsible to reimburse the employee for necessary medical, surgical and hospital expenses; but where the employer's surgeons advise against surgery and further treatment, and nevertheless the employee asks further treatment and surgery which leaves employee in a worse physical condition than before, the employer is not required to pay for this unnecessary treatment. While the medical testimony is in conflict, Dr. Hall, testifying for the employee, stated that the operation was justified, based upon his diagnosis and the employee's complaints. We therefore have conflicting medical opinion on

whether employee's medical, surgical and hospital services were required.

Considering the conflicting medical evidence, the question of what medical treatment is necessary was a question of fact for the Industrial Commission to determine (*American Rivet Co.* v. *Industrial Com.*, 34 Ill.2d 69; *Beck* v. *Industrial Com.*, 32 Ill.2d 148; *Olin Industries, Inc.* v. *Industrial Com.*, 394 Ill. 593,), and under these circumstances we will not upset the decision of the Industrial Commission.

The employer further contends that it is not required to reimburse an employee for medical bills which have never been tendered to him for payment and which are not shown to be his debts, citing *Wicks* v. *Cuneo-Henneberry Co.*, 319 Ill. 344. However, the *Wicks* case does not specify any particular method of payment for services and does not hold that payment for such services may not consist of prepayment by means of premiums to an insurance plan or contribution to a health and welfare plan. It appears that the Union Health and Welfare Fund operates a medical and hospital benefit plan for its members, and that the Fund was financed by contributions from the employer for each member of the union that it employed. The employer made the contributions if the union member was working, but the union member paid the contributions himself if he was not working. This program was a result of a union contract between the employer and the union. The union insurance plan is not in evidence and, therefore, we do not know the details of its provisions. Although there is some testimony concerning the plan, the insurance contract itself, of course, would be the best evidence of its provisions. It is our opinion that the reasonable value of the medical services rendered to an employee are recoverable against the party causing the injury, regardless of whether the employee pays for the medical services by cash, credit or some insurance or benefit plan. As he did not receive the insurance benefits gratuitously and the reasonable value of the medical and

hospital services rendered herein were proven, the employer's contention is without merit.

Finally, it is the employer's contention that the commission and circuit court erred in disallowing credit for the benefits received by the employee under a health and welfare program to which employer contributed. It claims that the proper interpretation of section 8(j) of the Illinois Workmen's Compensation Act (Ill. Rev. Stat. 1963, chap. 48, sec. 138.8(j)) pertaining to credit for medical, surgical and hospital benefits paid under group plans requires that it should be credited for the weekly benefits granted by section 8(j) up to an amount not exceeding the weekly amount provided in the compensation act. Its contention is that section 8(j)(2) of the act merely limits the amount of credit granted by section 8(j)(1) of the act, and does not remove it. We need not in this opinion examine the specific provisions of section 8(j) of the Workmen's Compensation Act since we do not reach the question of whether this particular union health and welfare plan is that type of plan covered by section 8(j). As we have previously indicated the insurance contract itself is not in evidence and we have but meager information by testimony as to what the plan contains. Although the burden of proving his case is upon the employee, we feel that the burden is upon the employer to establish the fact that it is entitled to credits under section 8(j) of the Workmen's Compensation Act. It was therefore incumbent upon the employer to see that sufficient evidence of the insurance contract itself was introduced in order to determine if it fell within the provisions of section 8(j). The means for the employer to do so were certainly available and since the insurance contract is not in evidence, we will not reverse the determination of the commission on that ground.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*