(No. 40987.-

AMERICAN DISTILLING COMPANY, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(Roland Juchems, Appellee.)

*Opinion filed June 21, 1968.—Rehearing denied Sept. 24, 1968.*

CASSIDY, CASSIDY, QUINN & LINDHOLM, of Peoria, for appellant.

KENNETH OTT, of Peoria, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The Industrial Commission awarded Roland Juchems, the claimant, $55 per week for a period of 64 weeks for temporary total incapacity, and $55 per week for a further period of 150 weeks for the permanent loss of use of the right leg to the extent of 75% thereof, caused by an accident arising out of and in the course of his employment with the American Distilling Company, the respondent. Reimbursement for certain hospital, medical and surgical services was included in the award. The circuit court of Peoria County affirmed the award, and the respondent has appealed to this court.

The respondent argues that the claimant failed to establish that an accident occurred or that respondent was notified of the alleged accident within 45 days after its occurrence, as required by section 6(c) of the Workmen's Compensation Act. (Ill. Rev. Stat. 1963, chap. 48, par. 138.6(c).) The respondent also contends that because the claimant made his own arrangements for medical treatment through his family physician, it is not liable for his medical and hospital expenses. Ill. Rev. Stat. 1963, chap. 48, par. 138.8(a).

The claimant testified that on September 4, 1963, a steel beam which he and another of respondent's employees were holding above their heads fell on claimant's back, causing pain in his back and down into his legs. He stated that immediately after the accident and on numerous days thereafter he complained of pain to a nurse on duty in respondent's first aid station, and requested medical aid. While the respondent called a witness to refute claimant's version of a certain telephone conversation, it did not produce the nurse as a witness.

On oral argument respondent's counsel admitted that there was sufficient evidence for the arbitrator to conclude that the respondent had notice of the accident, and we agree. It follows also that the notice which the claimant gave the respondent of the accident "enabled it to declare its willingness to provide the necessary medical services. (*Cf. Corn Products Refining Co.* v. *Industrial Com.,* 402 Ill. 250; *Simpson Co.* v. *Industrial Com.,* 337 Ill. 454; and *Hammond Co.* v. *Industrial Com.,* 288 Ill. 262.)." *Jewel Tea Co.* v. *Industrial Com.,* 39 Ill.2d 180, 183-84; see also *City of Collinsville* v. *Industrial Com.,* 36 Ill.2d 425, 426.

The respondent next argues that the finding that the claimant's disability arose from the fall of the steel beam is not supported by the evidence. Following the accident, the claimant was hospitalized on six different occasions. To establish a causal relationship between the accident, the subsequent hospitalizations and his disabilities, the claimant relies on his own testimony and that of Dr. Harold F. Diller.

Dr. Diller examined him twice, once prior to his third hospitalization and once after all the hospitalizations. Dr. Diller's diagnosis after the first examination was a "back injury involving the lumbrosacral disc" which "could have been caused by trauma." On his second examination, he found that the claimant had "practically no lateral or backward bending," and a "draining sinus on the right thigh."

In the interim between the two examinations a laminectomy and several operations on claimant's leg had been performed. Dr. Diller testified that the limitation of flexion "could be due to adhesions following the laminectomy * * *", and the draining sinus which was found "after his laminectomy and after the surgery on his back, * * * could very well come from a low grade infection burrowing down between the muscle sheats, or—between the muscles of the thigh and coming to the surface on the lateral aspect."

To discredit this testimony, the respondent directs our attention to the fact that Dr. Diller's findings with respect to the claimant included spondylolisthesis and deformity of the coccyx, both of which are probably of congenital origin, and that the diagnosis of Dr. Neal Crawford, who attended the claimant during his first hospitalization, was "renal colic right with probable pyelitis." Dr. Crawford admitted, however, that at the time of the first hospitalization, "the claimant did have this complaint of pain down his leg." Dr. Crawford also testified that he had an orthopedic surgeon examine the claimant "because of the paresthesia which means tingling, and pain, which indicates there was originally—that it was probably due to some nerve root irritation from the spine." To the extent that Dr. Crawford's testimony differed from that of Dr. Diller, it was for the Commission to decide which of the two expert witnesses it would believe. See *e.g., Bethlehem Steel Co.* v. *Industrial Com.,* 6 Ill.2d 290; *Railway Express Agency* v. *Industrial Com.,* 415 Ill. 294.

The respondent also alludes to an earlier back injury which the claimant suffered in 1962 while lifting a steel tank, and implies that the claimant's present difficulties may be the result of that occurrence. But the claimant never missed work as a result of the 1962 incident, and the arbitrator and the Commission could reasonably conclude that his disabilities were caused by the fall of the steel beam.

The Commission's findings are not against the manifest weight of the evidence, and the judgment of the circuit court of Peoria County is affirmed.

*Judgment affirmed.*