(No. 41989.—

BARRICKS CORPORATION, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(Nancy Hawkins, Appellee.)

*Opinion filed November 26, 1969.*

KLOHR, BRAUN, LYNCH & SMITH, of Chicago, (MARK A. BRAUN, of counsel,) for appellant.

FRANCIS M. DISCIPIO, of Chicago, for appellee.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

This appeal is from a judgment of the Cook County circuit court confirming in part and reversing in part the disposition by the Industrial Commission of a petition filed pursuant to section 19(h) of the Illinois Workmen's Compensation Act. (Ill. Rev. Stat. 1967, ch. 48, par. 138.19(h).) The Industrial Commission found an increase of 15% in the disability of the right arm of claimant Nancy Hawkins, but disallowed a claim for accrued medical expenses. The

circuit court confirmed the award for increased disability, but reversed the disallowance of expenses as against the manifest weight of the evidence.

It is necessary to briefly recount the circumstances which preceded this appeal. Nancy Hawkins was in the employ of Barricks Corporation on February 6, 1964. She lifted, with a helper, large, heavy table tops from a machine and placed them on a pile. While lifting a top weighing between 45 and 65 pounds, her helper lost his grip and allowed the top to fall. This wrenched claimant's shoulders and neck, and she fell to the floor, losing consciousness. After regaining consciousness, she was taken by ambulance to Billings Hospital for examination, and released several hours later. Within a few days, she experienced pain in her shoulders, and went to her own physician, Dr. John Palmer.

In April of 1964, an arbitrator made an award for temporary total disability of the left arm and also awarded reimbursement for necessary first aid, hospital, and medical expenses including several visits to Dr. Palmer. At a subsequent hearing in which increased disability and additional medical expenses accruing since the April hearing were sought, the disability was extended to both arms, and a claim for further visits to Dr. Palmer was disallowed. This was confirmed by the Commission and by the circuit court of Cook County except for a slight modification of the percentage of disability. The next proceeding was the 19(h) petition involved here. It apparently sought allowance of an increase in disability and reimbursement for additional medical expenses. As in 1965, the Commission disallowed the medical expense; it did, however, increase the percentage of disability of the right arm.

The two areas of contention here are: the increase in disability of claimant's right arm, and the medical expenses claimed to have been incurred since the 1965 hearings. While they have been separated for purposes of proof, the basic

issue on appeal is essentially the same: whether the decision of the Commission in each factual dispute was against the manifest weight of the evidence.

We first consider the award for increased disability of the claimant's right arm. In addition to the record of prior proceedings, the Commission heard the testimony of the claimant, of Dr. Michael I. Reiffel, and of Dr. Carlos Scuderi. The record contained prior testimony by both doctors regarding their independent examinations of the claimant in August of 1965; Dr. Reiffel's testimony in the 19(h) proceeding related to an examination on May 26, 1967, while Dr. Scuderi's testimony related to his examination on August 7, 1967.

Claimant testified in her own behalf that she was experiencing greater pain than before, and that she was unable to perform even the light housekeeping chores which she had been able to do two years earlier. Dr. Reiffel's testimony, when compared to his testimony two years earlier, indicated significant increases in the restrictions of claimant's right arm, both in extension and in abduction, as well as some loss of sensation. He also testified that the condition appeared to be progressive, and that he felt there was objective evidence establishing that the claimant was truly in pain. The testimony of the claimant and of Dr. Reiffel was controverted by Dr. Scuderi's testimony that any restriction in motion of claimant's arms was totally within her control, and that there was no objective pathological evidence to account for either the restriction or the claimed pain.

The employer argues that an increase in disability must be clearly shown, and cannot be based solely on the claimant's subjective complaints (*Allis-Chalmers Manufacturing Co.* v. *Industrial Com.*, 35 Ill.2d 367, 370-71; *Arbuckle* v. *Industrial Com.*, 32 Ill.2d 581, 585-86), and that therefore the award of the Commission must be set aside. However, we have repeatedly held that the resolution of conflicting testimony is peculiarly within the province of the Commis-

sion, and its judgment may not be overturned by a court unless contrary to the manifest weight of the evidence. (*Osco Drug, Inc.* v. *Industrial Com.,* 36 Ill.2d 361, 368; *Mechanics Universal Joint Div., Borg-Warner Corp.* v. *Industrial Com.,* 21 Ill.2d 535, 538; *Inland Steel Co.* v. *Industrial Com.,* 18 Ill.2d 70, 77-79.) Such is not the case here. The circuit court's judgment confirming the Commission's award for increased disability is therefore affirmed.

Turning to the matter of medical costs, the issue remains essentially the same. The employer contends that the Commission's disallowance of reimbursement for medical expenses is supportable on three grounds, and hence was improperly reversed by the circuit court of Cook County. The Commission did not state its reason for disallowing the claim, but the employer maintains that its decision is supported by the facts that (1) claimant failed to provide notice of her need for medical care to the employer, (2) her testimony regarding the nature of the treatment she received and the malady for which she received it was unsubstantiated by other evidence or testimony, and (3) there is contradictory expert medical testimony as to whether the malady existed and whether the treatment was required.

As noted above, resolution of factual disputes is within the province of the Commission and its determination should not be disturbed unless against the manifest weight of the evidence. However, "* * * decisions of the Commission on questions of law, where the facts are not in dispute, are in no way binding upon the reviewing court (*Hill-Luthy Co.* v. *Industrial Com.,* 411 Ill. 201; *Hydro-Line Mfg. Co.* v. *Industrial Com.,* 15 Ill.2d 156), * * *." (*Inland Steel Co.* v. *Industrial Com.,* 18 Ill.2d 70. 77.) The claim by the employer here, that the claimant failed to give notice of her need for medical services after the hearing in 1965, rests on undisputed facts. After the 1965 hearings at which claimant's requested reimbursement for prolonged medical services was denied, no further request for future services was

made. The employer contends that on this basis alone, the Commission's disallowance of expenses claimed through 1968 should be upheld as a matter of law. However, if this were the sole basis supporting the Commission's disallowance of the claim, we would be compelled to affirm the circuit court. The employer was well aware of claimant's desire for medical services, and if those services had been established to be necessary, the employer's liability for reimbursement would be clear. The notice of claimant's desire for services was effectively given by her claim for reimbursement in 1965, which "enabled it [the employer] to declare its willingness to provide the necessary medical services." (*American Distilling Co.* v. *Industrial Com.*, 40 Ill.2d 350, 352.) The fact that claimant continued to receive treatment need not have constituted an election to do so at her own expense under section 8(a) of the Workmen's Compensation Act (Ill. Rev. Stat. 1967, ch. 48, par. 138.8(a)), since she was quite justified in concluding that her employer disclaimed responsibility for any additional medical care. See *Jewel Tea Co.* v. *Industrial Com.*, 39 Ill.2d 180, 183.

Nevertheless, the Commission's disallowance of reimbursement is supported on the two remaining grounds urged by the employer, since both are questions of fact peculiarly within the expertise and authority of the Commission to resolve. The claimant did not establish, by the manifest weight of the evidence, that her treatment was directed at relieving her from the effects of the employment-related injury, nor did she so establish that the treatment was necessary. She alone testified as to the treatment she received, and no testimony was offered from the treating physician, Dr. John Palmer. Paid bills for his services were introduced, but they gave no indication as to the nature of the treatment. While there was no evidence to the effect that the bills were for treatment other than that described by claimant, the Commission could have reached that conclusion if it did not be-

lieve claimant's testimony. The most substantial ground supporting the Commission's disallowance of expenses, however, is the question of the necessity for the described treatment. On this question, the testimony of Dr. Reiffel and Scuderi conflicted directly. Dr. Reiffel testified that in his opinion the treatment was necessary; however, Dr. Scuderi stated that the claimant exhibited none of the objective symptoms which would be expected if her condition did require treatment, and that she did not need the treatment which she described. Where the evidence is conflicting on a question of medical fact, resolution of that conflict by the Commission will not be disturbed unless against the manifest weight of the evidence. (*D. Lelewer & Son* v. *Industrial Com.,* 33 Ill.2d 118, 121; *Inland Steel Co.* v. *Industrial Com.,* 18 Ill.2d 70, 79; *Laclede Steel Co.* v. *Industrial Com.,* 6 Ill.2d 296, 304.) Dr. Scuderi's testimony before the Commission was clearly a sufficient basis for the decision to disallow the claim for expenses, and his testimony was not manifestly outweighed by that of Dr. Reiffel. Therefore the circuit court's judgment allowing the claim for medical, surgical and hospital expenses must be reversed.

*Affirmed in part and reversed in part.*