(No. 51725.—

EAGLE SHEET METAL COMPANY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Raimondo Genova, Appellee).

*Opinion filed May 22, 1980.*

Burgeson, Laughlin, Cunningham & Smith, of Chicago (John E. Cunningham and Andrew Marzal, of counsel), for appellant.

James V. Tufano, of Chicago, for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

In this workmen's compensation case the employer, Eagle Sheet Metal Company (hereafter Eagle), appeals directly to this court under our Rule 302(a) (73 Ill. 2d R. 302(a)). The appeal is taken from the Cook County circuit court order confirming the Industrial Commission's award, which affirmed the finding of the arbitrator that the claimant, Raimondo Genova, is permanently and totally disabled. The employer does not contest the nature and extent of the injury. The sole issue presented by this appeal is whether the finding that the claimant sustained accidental injuries arising out of and in the course of employment on April 17, 1975, is contrary to the manifest weight of the evidence.

Claimant was employed by Eagle in December 1973 and was assigned to the tool room to fix dies. He was thereafter reassigned to the shipping room, where his job consisted of lifting heavy steel cabinets and placing them in boxes. On February 13, 1974, Genova suffered an acute lumbosacral strain while moving heavy equipment. He notified his foreman, who in turn notified the personnel manager. Claimant was then given a slip for medical treatment at Lehigh Medical Center, where he received medication, a physical examination and had an X ray taken. He did not lose time from work. He was, however, assigned light duty for two weeks following the accident. No claim for compensation benefits was filed.

On September 13, 1974, claimant sustained a second injury to his lower back while turning a die. He again notified his employer and received medical attention at Lehigh Medical Center. He was treated by Dr. Vincent J. Greco. Claimant returned to work immediately after the accident, but again was assigned light duty for two weeks. An application for adjustment of claim was filed for this injury.

On April 17, 1975, claimant worked the 7 a.m. to 3:30 p.m. shift. According to the claimant's testimony at the hearing before the arbitrator, at approximately 2 p.m. he experienced pain in his lower back, arm and leg while he was lifting a steel cabinet. Genova continued to work until approximately 3 p.m. At that time he again experienced great pain. He went to the restroom and remained there until the end of the work shift. He left work without informing anyone of the pain he was experiencing. That evening he called Dr. Greco and advised him of his condition. Dr. Greco recommended that claimant take hot baths with Epsom salts. Genova also testified that he called Eagle the morning of April 18, 1975, and informed an unidentified male of his injury. Claimant did not return to work after the April 17, 1975, accident.

Claimant remained under the care of Dr. Greco until May 9, 1975. On that date, he was taken to St. Mary of Nazareth Hospital by the police. Claimant testified that he was unable to walk and was experiencing great pain. While hospitalized, Genova underwent a lumbar laminectomy to correct a herniated intervertebral disc. The surgery was performed on May 20, 1975, by Dr. Marshall Matz. After his discharge from the hospital, claimant received follow-up care from Dr. Matz and continued to consult Dr. Greco. Genova complained of pain up until the time of the compensation hearings.

An additional application for adjustment of claim was filed for the claimant's injuries sustained in the April 17, 1975, incident. The arbitrator, after finding that the injuries sustained in the September 1974 incident were compensable, consolidated both claims for a single determination of the nature and extent of the claimant's injuries as of April 17, 1975.

Several doctors testified at the arbitration hearing. Dr. Robert C. Busch testified for claimant. Based upon two physical examinations and two X rays, it was his opinion

that claimant's condition subsequent to April 17, 1975, was permanent and causally related to all of the work-related accidents. Dr. Busch stated that it would be impossible to determine the degree to which any one of the incidents may have caused the trauma, but that the last incident may have aggravated a preexisting disc problem. On cross-examination, Dr. Busch revealed that his notes did not refer to an April 17, 1975, accident.

Dr. Greco testified for the claimant and stated that on April 17, 1975, he treated the claimant for pain in his back and leg. Dr. Greco did not have a record of a work injury on that date. Similarly, Dr. Greco's records did not indicate an injury suffered at work on September 13, 1974. He testified that he was orally informed, however, of the September 1974 accident. On April 19, 1975, Dr. Greco sent a note to Eagle informing the company of Genova's claim of continued pain and inability to work.

Dr. Warren Clohisy next testified for the employee. He stated that on May 3, 1976, he had taken Genova's history. The history taken revealed that claimant had injured his back in September 1974 while lifting heavy sheet metal. Claimant further informed Dr. Clohisy that he continued to work until April 1975. At that time, claimant stated that the pain became so intolerable that he collapsed at home and was taken to a hospital. Based upon the medical testimony, the records of Dr. Matz and claimant's testimony, the arbitrator found the claimant to be permanently and totally disabled.

On review, Eagle introduced medical records of the Lehigh Medical Center. The company also introduced into evidence the application for coverage under Blue Cross - Blue Shield and the Fort Dearborn Life Insurance Company.

The thrust of Eagle's argument on this appeal is that the finding that there was an accident at work on April 17, 1975, is contrary to the manifest weight of the evidence.

Eagle contends that claimant's behavior supports an opposite conclusion: Genova did not immediately report the injury to his employer; on the applications for medical benefits under both the Fort Dearborn Insurance and the Blue Cross - Blue Shield policies, claimant and Dr. Greco indicated that the April injury was not a workmen's compensation case; and the accident date alleged in claimant's United Auto Workers' grievance proceeding for his January 1976 employment discharge was September 13, 1974. According to Eagle, the only evidence supporting the arbitrator's finding that there was a work-related injury on April 17, 1975, was the self-serving testimony of the claimant.

Findings of fact are within the province of the Industrial Commission and are not to be disturbed on review unless contrary to the manifest weight of the evidence. (*Minnesota Mining & Manufacturing Co. v. Industrial Com.* (1979), 78 Ill. 2d 182, 190; *A. O. Smith Corp. v. Industrial Com.* (1976), 65 Ill. 2d 224, 228.) After a review of the record, we cannot say that the Commission's finding was contrary to the manifest weight of the evidence. The claimant's delay in reporting the accident was slight, and Eagle does not assert lack of notice as an issue on appeal. Such delay does not necessarily lead to the conclusion that the accidental injury did not occur. Nor does the fact that errors were made in the insurance forms lead to such a conclusion. Raimondo Genova came from Italy in 1968 and, at the time of the compensation hearings, he did not speak or write fluent English. Dr. Greco testified that he was unaware of any claim filed at the time he completed the forms. We note, in any event, that such action by the doctor would not be binding on the claimant. The omission of the accident date in claimant's union grievance proceeding is of no import to this case. This is particularly true where Eagle merely alludes to the extrajudicial proceeding; no transcript or any other official

documents concerning the grievance proceeding was introduced into evidence. Finally, we note that claimant's testimony was the only direct evidence of the April 1975 accident. This is, however, not sufficient to preclude a finding that the accident actually occurred. Circumstantial evidence was introduced in the proceedings below which supports the direct evidence presented by claimant concerning the April 17, 1975, accident. As noted above, Dr. Greco testified that his records did not reflect an industrial injury on April 17, 1975. Nor did the doctor have a written record of a work-related injury in September 1974. He stated that claimant had verbally informed him of this accident. The parties do not dispute the fact that an accident occurred at work on September 13, 1974. Thus, Dr. Greco's failure to record an accident does not necessarily lead to the conclusion that the accident did not occur. It would be reasonable to infer, first, that Dr. Greco does not usually record work accidents and, second, that claimant suffered an accident at work on April 17, 1975, since he went to Dr. Greco for treatment on or about that date. Other circumstantial evidence from which the Commission could infer that claimant suffered a work-related accident on April 17, 1975, includes Dr. Clohisy's testimony. Claimant had informed this doctor that he collapsed in pain in April 1975 and was unable to work thereafter. The Commission may draw inferences from both direct and circumstantial evidence, and these permissible inferences will not be discarded merely because other inferences might have been drawn. (*County of Cook v. Industrial Com.* (1977), 69 Ill. 2d 10, 19.) Accordingly, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*