(No. 54654.-

THE COUNTY OF COOK, Appellant, v. THE INDUS-TRIAL COMMISSION *et al.* (Stanley Florcek, Appellee).

*Opinion filed December 4, 1981.*

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey and Leonard N. Foster, Assistant State's Attorneys, and Carol Brzykcy, law student, of counsel), for appellant.

Jordan Teplitz, of Chicago, for appellee.

MR. JUSTICE SIMON delivered the opinion of the court:

The body of Helen Florcek, a matron at the Cook County jail, was found in her apartment with three gunshot wounds, two in the abdomen and one in the head. The shots were fired at close range from her own service revolver, which was found under her body.

Approximately eight months prior to her death, Mrs. Florcek, while at work at the jail, slipped and fell, breaking her right arm. When the cast was removed several months later, her radial nerve was found to be injured, causing partial paralysis of her arm, hand, index finger, and thumb.

Stanley Florcek, the decedent's husband, filed a claim with the Industrial Commission for death benefits under the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48,

par. 138.1 *et seq.*). He claimed that his wife's death was a suicide and that it was attributable to the severe depression and pain she suffered from as a result of the injury to her arm. The State's Attorney, representing Mrs. Florcek's employer, Cook County, argued that Mrs. Florcek was physically incapable of pulling the trigger of her revolver due to the paralysis in her arm and was more likely the victim of foul play.

Two issues were before the Commission: whether Helen Florcek's death was a suicide, and, if so, whether the suicide was a product of severe depression and pain from which she suffered as a result of her injury. Reversing the arbitrator, the Commission found that Mrs. Florcek's death was a suicide and that it was caused by the pain and depression resulting from her accident. It, therefore, a-warded benefits to Mr. Florcek. The circuit court of Cook County confirmed that decision. Its decision is consistent with *Harper v. Industrial Com.* (1962), 24 Ill. 2d 103, in which this court held that benefits should be awarded when a compensable injury gives rise to pain and depression that drive an employee to suicide several months after the injury was suffered.

It is the responsibility of the Industrial Commission to decide questions of fact and causation. (*O'Dette v. Industrial Com.* (1980), 79 Ill. 2d 249, 253.) The sole question before this court is whether the Commission's findings of fact were against the manifest weight of the evidence. See *Seiber v. Industrial Com.* (1980), 82 Ill. 2d 87; *Eagle Sheet Metal Co. v. Industrial Com.* (1980), 81 Ill. 2d 31.

The Industrial Commission had before it the testimony of the Chicago police department homicide investigator who had investigated the case. In his opinion, based on the position of the body, the powder burns around the wounds, and the fact that the apartment was locked, with no evidence of foul play, Mrs. Florcek's death was a suicide, despite the controversy over whether she had the physical

ability to pull the trigger. Although expert medical testimony conflicted on whether Mrs. Florcek's right hand was sufficiently functional to use her gun, the Commission clearly had sufficient evidence to find that it was and therefore to find that, based on the homicide investigator's testimony, her death was a suicide. Curiously, although the State's Attorney argues that this was a homicide, the records of that office reveal no criminal investigation of the death either at the time it occurred or when, in this proceeding, the State's Attorney introduced evidence that Mrs. Florcek would have had difficulty shooting herself because of the paralysis she was suffering from.

Mr. Florcek testified that the pain was so great that his wife was unable to eat or to sleep at night; she cried often, and on one occasion she told him that she wanted to die. Testimony from a psychiatrist who saw Mrs. Florcek the day before she died corroborated Mr. Florcek's testimony that his wife was extremely distraught over the pain and paralysis in her arm. The doctor further stated that she appeared to be very angry with her employer, her husband, and her doctors. She thought they did not believe that she was in pain.

Mr. Florcek's psychiatric expert, responding to a hypothetical question based in part on the above evidence of Mrs. Florcek's injury and state of mind, diagnosed her condition as severe depression brought on by the trauma of her accident. He testified that the type of illness Mrs. Florcek had often results in suicide. On this evidence and other evidence, the Commission found that Mrs. Florcek's death could be traced to her injury and the emotional condition she suffered from as a result of it.

We hold that the Industrial Commission's findings are not against the manifest weight of the evidence and thus affirm the circuit court.

*Judgment affirmed.*