(No. 54754.—

SILAS ODIE, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Eclipse, Inc., Appellee).

*Opinion filed January 21, 1982.*

Tuite, Morrissey, Gesmer & Finnegan, of Rockford (Jason N. Gesmer and Gerald F. Tuite, of counsel), for appellant.

Braun, Lynch, Smith & Strobel, Ltd., of Chicago (John A. Strobel, of counsel), for appellee.

JUSTICE SIMON delivered the opinion of the court:

The question presented by this appeal is whether the denial by the Industrial Commission of a claim under the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.1 *et seq.*) for reimbursement of a physician's fees and hospital charges for a lumbar fusion operation should

be sustained. Its resolution turns on whether the Commission's decision that the surgery was not necessary and reasonably required to cure or relieve the effects of the claimant's work-related injury was against the manifest weight of the evidence. The circuit court of Winnebago County confirmed the decision of the Industrial Commission.

Silas Odie, the claimant, sustained a lower back injury on May 13, 1976, while lifting heavy objects in his employer's plant in Rockford. He reported the accident to his employer and was referred by the employer to a Dr. Norbeck.

Dr. Norbeck treated claimant from the date of the injury until September 8, 1976, prescribing heat treatments and medication. Hospitalization, additional testing and surgery were not recommended by Dr. Norbeck. Claimant was not under any medical care between the time of his last visit to Dr. Norbeck on September 8, 1976, and January 1977, when a Rockford attorney referred him to Dr. James S. Berry in Freeport, 40 miles away from claimant's home in Rockford. During the period he was not under medical care, claimant went pheasant hunting a few times and did much walking. He had left his job voluntarily on September 24, 1976. Odie claims he quit because of low back pain, but his foreman testified that Odie told him he was quitting because he was not making enough money and that Odie did not mention any back pains in explaining his reason for leaving.

Dr. Berry referred the claimant to Dr. K. M. Vaidya for a nerve-conduction test. Dr. Vaidya found straight-leg-raising tests to be negative or 90 degrees bilaterally and found no electrical evidence of lower motor neuron involvement including radiculopathy. Subsequently a myelogram was performed by Dr. Berry, and this procedure was likewise negative for disc pathology. Notwithstanding the absence of objective clinical findings, Dr. Berry, after

putting a body cast on the claimant which he wore for one month, performed a lumbar fusion on March 28, 1977, for what he diagnosed as "lumbar instability." At the time of surgery neither a herniated disc nor any other abnormality was found.

The claimant's employer submitted a medical report dated November 14, 1977, prepared by a Dr. Leonard, with a stipulation that if the physician were testifying, he would state, basing his opinion on the negative EMG and clinical findings of Dr. Vaidya and the negative myelogram, that there was no causal connection between the injury sustained on May 13, 1976, and the surgery Dr. Berry performed. On the other hand, the claimant submitted another physician's report (Dr. McDonald's), dated December 30, 1977, with the stipulation that, if he testified, his testimony would be that the accident might or could be causally related to the surgery.

The arbitrator allowed the claim for medical and hospital services for the lumbar fusion operation. The Commission concluded that there was "no evidence in the record to prove that the spinal fusion was reasonable or necessary to cure the effects of" the injury and reduced the arbitrator's award by the amount attributable to hospital and medical charges for the surgery performed by Dr. Berry.

This case involves the application of section 8(a) of the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.8(a)), which provides: "The employer shall *** pay for *** necessary medical, surgical and hospital services ***, limited, however, to that which is reasonably required to cure or relieve from the effects of the accidental injury." This limitation should be applied cautiously so that the Industrial Commission does not set itself up as the arbiter of what is proper or satisfactory medical practice. On the other hand, the statute must be applied vigorously and realistically enough to prevent unnecessary medical and hospital charges. What medical treatment is necessary

is a question of fact for the Industrial Commission to determine. *Hill Freight Lines, Inc. v. Industrial Com.* (1967), 36 Ill. 2d 419, 423.

We disagree with the claimant's argument that the facts in this case are essentially undisputed, and that thus the court is asked to resolve only a question of law. Factual issues presented by the record are the reason claimant left his job, the extent to which his injury required further treatment, and the reasonableness and necessity of the surgery Dr. Berry performed; the credibility of Odie and his physician is important in making these determinations. Even if the evidence is regarded as undisputed, and that is not the case here, it permits more than one inference. In this situation the determination of which inference should properly be drawn has been held to be a question of fact; only if the undisputed facts are susceptible of a single inference has this court held that the issue can be characterized as one of law. (*M&M Electric Co. v. Industrial Com.* (1974), 57 Ill. 2d 113, 117.) The resolution of questions of fact and causation is the Industrial Commission's responsibility. (*County of Cook v. Industrial Com.* (1981), 87 Ill. 2d 204.) Even though a court might draw different inferences, the Commission's factual evaluations will not be disturbed on review unless they are contrary to the manifest weight of the evidence. *Flores v. Industrial Com.* (1981), 87 Ill. 2d 48.

The Commission concluded that the evidence was inadequate to establish that the spinal fusion Dr. Berry performed was reasonable or necessary to cure the effects of the injury claimant sustained 10½ months earlier. The record contains ample evidence to support this finding. Dr. Norbeck treated claimant for four months and then discharged him. He did not find further testing, hospitalization, or surgical intervention necessary. Petitioner was responding well to conservative management; he hunted and did quite a bit of walking. In fact, in the 4½ months between being discharged by Dr. Norbeck and his first visit to Dr.

Berry, he received no treatment whatsoever; he neither saw Dr. Norbeck nor asked to be referred to any other physician. Subsequently, however, he was referred by his attorney to a physician 40 miles away in Freeport who eventually performed the surgery. Dr. Berry went ahead with the surgical procedure even though the findings of Dr. Vaidya and the myelogram results did not indicate there was any need for it. And the surgery established that claimant did not have a herniated disc or any other abnormality requiring such treatment. Reluctant as we are to set aside the independent judgment of the operating physician, the facts here so clearly justify the conclusion that the lumbar fusion was not reasonably required that we cannot say the Commission erred.

The Commission's determination not being against the manifest weight of the evidence, this court is obliged to accept it. The Commission's factual resolution which accepted the findings of Dr. Vaidya and Dr. Leonard and rejected those of Dr. Berry and Dr. McDonald should not be disturbed by this court, as it is the Commission's prerogative to decide which testimony is most reasonable and most entitled to belief. In *Barricks Corp. v. Industrial Com.* (1969), 44 Ill. 2d 9, the Commission, confronted with disputed expert testimony concerning whether additional treatment was necessary and proper, chose to believe one medical opinion rather than another in denying medical reimbursement to the claimant. This court, in affirming the Commission's determination, said:

"The most substantial ground supporting the Commission's disallowance of expenses, however, is the question of the necessity for the described treatment. * * * Dr. Reiffel testified that in his opinion the treatment was necessary; however, Dr. Scuderi stated that the claimant exhibited none of the objective symptoms which would be expected if her condition did require treatment, and that she did not need the treatment

which she described. *Where the evidence is conflicting on a question of medical fact, resolution of that conflict by the Commission will not be disturbed unless against the manifest weight of the evidence.* [Citations.] Dr. Scuderi's testimony before the Commission was clearly a sufficient basis for the decision to disallow the claim for expenses, and his testimony was not manifestly outweighed by that of Dr. Reiffel." (Emphasis added.) 44 Ill. 2d 9, 15.

In *City of Chicago v. Industrial Com.* (1968), 41 Ill. 2d 143, 146-47, the court, after observing that there was substantial conflict in the testimony of the medical witnesses, concluded:

"The weight to be given particular testimony is within the province of the Commission, which determines the facts and draws whatever reasonable inferences and conclusions are warranted by the evidence. * * *

* * * [I]t is not the function of this court to determine facts and make computations in matters of this kind. The award for medical services has not been shown to be against the manifest weight of the evidence, and it must therefore remain undisturbed."

Claimant contends that the Commission's refusal to order payment for the expenses of his surgery was inconsistent with its finding that at the time of the surgery he was temporarily totally incapacitated. We see no inconsistency. It is entirely possible for a person to be still recovering from an injury and yet not need a lumbar fusion, or, for that matter, any further treatment. Compare *Quick v. Industrial Com.* (1972), 53 Ill. 2d 46 (where the treatment was plainly suited to cure the claimant's condition and the only issue was whether that condition was work related, it was inconsistent to award compensation for incapacity, thereby implicitly finding the incapacity work related, and yet deny the necessary expenses of relieving the incapacity).

Claimant argues that the Commission's decision to terminate his temporary total compensation at a date on

which nothing medically significant happened and on which he was still recovering from the effects of surgery was arbitrary. He suggests that the Commission simply did not approve of his choice of doctors and made up its mind to deny him his medical expenses by any means available. The reasoning behind the Commission's finding about when the period of temporary total incapacity ended is not clear. Perhaps the Commission concluded that because the back surgery was unnecessary, any incapacity resulting from the surgery itself, rather than directly from the original injury, was not compensable, and then estimated when the claimant would have completed his recovery if he had not prolonged his incapacity by the ill-advised surgery. We have no occasion to consider whether such a conclusion would be proper, because claimant does not challenge the award of temporary compensation. Any error in the award of compensation for temporary incapacity would not justify overturning the Commission's finding that the surgery was not required for claimant's condition. If anything, the Commission's decision not to award temporary compensation for the whole period during which the claimant was recuperating from the surgery supports the finding that the surgery was unnecessary. If the Commission believed the medical treatment was necessary, it would have awarded compensation for the time the claimant was incapacitated by the treatment. There is therefore no inconsistency between the two parts of the the Commission's order.

The judgment is affirmed.

*Judgment affirmed.*