JOSEPH BUCHINO, Appellee, v. THE INDUSTRIAL COMMISSION *et al.* (The City of Chicago, Appellant).

First District (Industrial Commission Division)   No. 1—87—2691WC

Opinion filed June 22, 1988.

Judson H. Miner, Corporation Counsel, of Chicago (Ruth M. Moscovitch and L. Anita Richardson, Assistant Corporation Counsel, of counsel), for appellant.

Joseph J. Spingola, of Chicago, for appellee.

JUSTICE McNAMARA delivered the opinion of the court:
The Industrial Commission (Commission) denied compensation to claimant, Joseph Buchino, for injuries sustained in a car accident

while returning from the annual St. Patrick's Day parade. The trial court set aside the decision of the Commission. On appeal, the employer, the City of Chicago (City) maintains that the trial court erred in finding claimant's injury arose out of and in the course of his employment as a matter of law, and also that the trial court erred in reversing the decision of the Commission where that decision was not against the manifest weight of the evidence.

Claimant was an employee of the City department of streets and sanitation as an asphalt cut-out foreman. He was required to supervise a crew of laborers, drivers and engineers, and normally spent the greater part of his day traveling in his personal car. On March 17, 1980, claimant was asked to participate in the City's St. Patrick's Day parade. He agreed and arranged for the participation of two employees under his supervision. Claimant left his car at the 15th Ward sanitation office and rode to the parade with the two other employees, in a car belonging to one of them. Claimant checked in at the beginning of the parade and marched under the streets and sanitation banner. He was paid for eight hours of work on the day of the parade, and other department employees who did not march in the parade were required to work.

After the parade, which ended at approximately 3:30 p.m., claimant returned to the car he had arrived in to return to the 15th Ward office. Claimant's co-workers were not at the car and he began to look for them in nearby bars. Claimant found the two employees between 5 and 5:30 p.m. in a bar and joined them for two or three beers before leaving with them between 6 and 6:30 p.m. Employees of the department are prohibited from drinking alcohol during working hours.

On the ride back to the ward office in the other employee's automobile, the car struck a steel pole at an overpass intersection. Claimant sustained injuries, and he returned to work on March 31, 1980.

An arbitrator found that claimant had failed to prove the accident of March 17, 1980, arose out of and in the course of his employment. The Commission adopted the findings of the arbitrator and affirmed the arbitrator's decision denying compensation. On review, the trial court set aside the decision of the Commission finding that, as a matter of law, claimant was a traveling employee working within the scope of his employment. The City appeals.

In compensation actions, it is the function of the Commission to determine disputed issues of fact and any factual determinations are not to be disturbed unless contrary to the manifest weight of the evidence. (*Eagle Sheet Metal Co. v. Industrial Comm'n* (1980), 81 Ill.

2d 31, 405 N.E.2d 762.) However, when the facts are undisputed, the issue of whether an injury arises out of and in the course of one's employment becomes a question of law and any decisions of the Commission on questions of law are not binding on courts of review. (*Osborn v. Industrial Comm'n* (1971), 50 Ill. 2d 150, 277 N.E.2d 833; *Stevenson Olds Sales & Service v. Industrial Comm'n* (1986), 140 Ill. App. 3d 703, 489 N.E.2d 328.) In the present case, the facts and reasonable inferences to be drawn therefrom are undisputed. The unresolved issues are whether claimant's accident arose out of and in the course of his employment and whether claimant's actions were reasonable or foreseeable. We agree that such determinations under these circumstances present questions of law. Just as it was proper for the trial court to independently determine the pending questions of law, this court too, may review the evidence and independently determine the questions of law presented.

■ We do not disagree with the trial court's characterization of claimant as a traveling employee. In *Wright v. Industrial Comm'n* (1975), 62 Ill. 2d 65, 338 N.E.2d 379, the court refused to distinguish between an employee who is continuously traveling and one who travels to a job location only to return when the work is completed. Also, in *Hoffman v. Industrial Comm'n* (1985), 109 Ill. 2d 194, 486 N.E.2d 889, the claimant, a traveling employee, was similar to claimant herein in that as a director of health services, her position required her to travel to schools throughout two counties to meet with health aides and school nurses. In the present case, claimant used his car in connection with the everyday duties of his job. Furthermore, on the day of the accident, his trip downtown for the parade was incidental to his job with the City.

■ Even a finding that a claimant is a traveling employee, however, does not exempt him from proving that an injury arose out of and in the course of his employment. (*Hoffman v. Industrial Comm'n*, 109 Ill. 2d 194, 486 N.E.2d 889; *Wright v. Industrial Comm'n*, 62 Ill. 2d 65, 338 N.E.2d 379.) The *Wright* court stated that the Workers' Compensation Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.1 *et seq.*) was not intended to insure employees against all accidental injuries but only "those which arise out of acts which the employee is instructed to perform by his employer; acts which he has a common law or statutory duty to perform while performing duties for his employer ***; *or acts which the employee might be reasonably expected to perform incident to his assigned duties.*" (Emphasis added.) (*Wright*, 62 Ill. 2d at 69.) Relying on this principle, the *Wright* court stated that the test for determining whether an injury to a traveling employee arose out

of and in the course of his employment is the reasonableness of the conduct in which he was engaged and whether it might normally be anticipated or foreseen by the employer. *Wright*, 62 Ill. 2d 65, citing *David Wexler & Co. v. Industrial Comm'n* (1972), 52 Ill. 2d 506, 288 N.E.2d 420.

■ Here, the Commission held that claimant's accident did not arise out of and in the course of his employment. After a review of the record, we agree that the decision of the Commission is not against the manifest weight of the evidence. Claimant participated in the St. Patrick's Day parade, which clearly was incidental to his position with the City. The parade ended at approximately 3:30 p.m. Claimant was unable to find his companions to return to the ward office, and began to look for them in nearby bars. Claimant found his companions between 5 and 5:30 p.m. and remained with them in a bar consuming two or three beers until approximately 6:30 p.m. Claimant was aware that alcohol consumption violated the rules of the department. The accident in which claimant was injured occurred after this period in the bar while the employees were returning to the ward office where claimant was to retrieve his car.

We do not believe that the conduct of claimant was reasonable or might normally be foreseen by the City. That claimant stopped in a bar for an extended period and was returning from the parade over three hours after it ended severed any connection to his employment.

In a recent traveling employee decision, *Robinson v. Industrial Comm'n* (1983), 96 Ill. 2d 87, 449 N.E.2d 106, the Commission's denial of an award was reversed by the supreme court. The employee left his principal office and was on the way to a subdivision where he was to perform some work for his employer. He deviated from the route to the subdivision in order to pick up his son. The employee intended to take his son Christmas shopping after completing his duties at the subdivision. While on this deviation to his home, he was involved in a fatal automobile accident. The court held that the deviation from the route was a reasonable and foreseeable act. That holding is clearly distinguishable from the present case. There, the court found that the deviation to pick up his son was insubstantial in relation to the direct route he would follow to the subdivision. The court stated that had the accident occurred while the decedent was en route from his office directly to the subdivision, there would be no question of compensability and recovery should not be denied because he performed the reasonable and foreseeable act of stopping to pick up his son. In contrast, claimant here made an extended deviation which was neither reasonable nor foreseeable in relation to the employment pur-

pose of participating in the parade.

In a matter similar to the present case, *Wise v. Industrial Comm'n* (1973), 54 Ill. 2d 138, 295 N.E.2d 459, the claimant, a cab driver, stopped at a party for 1½ to 2 hours during which he consumed several beers and some champagne. The claimant was assaulted as he left the party, and evidence showed that he intended to pick up more fares before turning in the vehicle. The court held that the extent of the deviation removed the claimant from the course of his employment. A similar interpretation of claimant's actions is appropriate in the present case. The extent of claimant's deviation clearly removed him from the course of his employment.

Claimant urges that it is only necessary for the court to determine whether his activities *at the time of the accident* were reasonable and foreseeable. He argues that even if the time spent in the tavern is characterized as a deviation, upon leaving to return to the ward office, he returned to the scope of his employment. Claimant cites several cases that hold that a deviation takes an employee out of the course of his employment only until he returns to the route of the business trip.

We believe, however, that the employment relationship was not reestablished by claimant's decision to stop drinking and return to the ward office. In *Wise v. Industrial Comm'n*, the court rejected the claimant's identical argument that even if his presence at a party constituted a deviation, his return to the vehicle demonstrated a return to the course of his employment. We are also instructed in this regard by a case in which the court held that a personal deviation similar to the one in the present case can break the link with employment. In that case, *Aaron v. Industrial Comm'n* (1974), 59 Ill. 2d 267, 319 N.E.2d 820, an employee spent from 1½ to 2 hours after work in a tavern before returning to her employer's parking lot, where she fell and sustained an injury. We acknowledge that this is not a traveling employee case. Nonetheless, the court considered evidence of the employee's personal deviation, which it found sufficient to break any connection to the employment. Not only did the court consider the length of the deviation, but it also considered the activity that took place. The result here must be the same. Even acknowledging that claimant was returning from the parade when the accident occurred, we believe that his previous deviation severed any relationship to the employment.

For the reasons stated, we find that the decision of the Industrial Commission that claimant's injury did not arise out of and in the course of his employment is not against the manifest weight of the

evidence as a matter of law. Therefore, the decision of the Industrial Commission is affirmed and the judgment of the circuit court of Cook County is reversed.

Judgment reversed.

BARRY, P.J., and WOODWARD, McCULLOUGH, and CALVO, JJ., concur.