JOHN E. KEMP, Appellee, v. THE INDUSTRIAL COMMISSION *et al.* (Anco Testing Laboratory, Inc., Appellant).

Fifth District (Industrial Commission Division)    No. 5—93—0558WC

Opinion filed July 6, 1994.

Stevenson, Rusin & Friedman, Ltd., of Chicago (Gregory G. Vacala, of counsel), for appellant.

Lynn D. Barnett, of Fitzgibbons & Barnett, P.C., of St. Louis, Missouri, for appellee.

JUSTICE RARICK delivered the opinion of the court:

Claimant, John E. Kemp, sought benefits pursuant to the Workers' Compensation Act (the Act) (Ill. Rev. Stat. 1987, ch. 48, par. 138.1 *et seq.*) for injuries sustained while in the employ of respondent, Anco Testing Laboratories, Inc. (Anco).

Kemp has been employed with Anco since 1965. At the time of the injury in question, he was employed as a field representative, and his job duties required him to perform various scientific tests. On August 5, 1988, Kemp was conducting various field tests on some concrete at Anco's Satellite Communications Ground Terminal at Scott Air Force Base. Kemp testified that as he squatted down to read an air meter, which was 10 to 15 inches above the ground, he "grabbed it [and] somethin' rolled through my back." When he attempted to straighten up, Kemp felt considerable pain in the center and lower left side of his back. He was unable to continue working, so he returned to the office and reported the incident to his supervisor.

Kemp sought treatment from Dr. Douglas Bouck, a chiropractor, on August 8, 1988. Dr. Bouck treated Kemp periodically through August of 1990. Dr. Bouck also referred him to Dr. Forbes McMullin, an orthopedic surgeon, whom Kemp first saw on December 13, 1988. Dr. McMullin diagnosed lumbar disc syndrome and recommended an MRI of the lumbar spine and a neurological evaluation. The MRI was performed at St. Anthony's Hospital on December 30, 1988, and revealed some degenerative disc changes at three levels of the lumbar spine.

Dr. McMullin also referred Kemp to Dr. George Schoedinger, an associate who was also an orthopedic surgeon. Dr. Schoedinger saw Kemp on January 5, 1989, and diagnosed an aggravation of an underlying disc injury.

Dr. Bouck also referred Kemp to Dr. Paul Young, a neurologist. Dr. Young saw Kemp in May of 1990 and recommended an EMG and nerve conduction studies. Dr. Young also referred Kemp to Dr. Richard Head, a nerve specialist. Dr. Head examined Kemp in July of 1990, diagnosed low-back muscle strain, and suggested a referral to CHART (Comprehensive Health and Active Rehabilitation Training) for physical therapy. Kemp undertook a program of physical therapy at CHART from September of 1990 through December of 1990.

An arbitration hearing was held on July 2, 1991. In her decision,

the arbitrator specifically found that "[t]he activity [Kemp] was engaged in, squatting and leaning forward at the construction site to read a gauge that was close to the ground, was a risk of employment and a greater risk than that to which the general public is exposed." Based thereon, she found that Kemp's injury arose out of and in the course of his employment. Kemp was awarded temporary total disability benefits (TTD) and medical benefits and was found to be permanently partially disabled.

Anco sought review before the Industrial Commission (the Commission), and the Commission, with one member dissenting, reversed the decision of the arbitrator, finding that Kemp failed to prove that he was exposed to a risk not common to or greater than that of the general public and that there was no causal connection between Kemp's injury and any risk attributable to employment.

Claimant sought judicial review of the Commission's decision, and the circuit court reversed the decision of the Commission, finding that as a matter of law claimant's job exposed him to a greater risk of harm than that to which members of the general public were subjected and that his injury therefore did arise out of and in the course of his employment. The circuit court thereupon remanded the cause to the Commission to determine the remaining issues raised by Anco.

On appeal, Anco argues that the circuit court erred in finding that the facts supported only one reasonable inference and that as a matter of law claimant's job exposed him to a risk of harm greater than that to which the general public is subjected. Anco maintains that while the facts are undisputed, there is more than one reasonable inference which could be drawn therefrom.

The determination of whether an injury arose out of and in the course of employment is generally a question of fact for the Commission, and its determination of disputed questions of fact will not be set aside unless it is contrary to the manifest weight of the evidence. (*Quality Wood Products Corp. v. Industrial Comm'n* (1983), 97 Ill. 2d 417, 454 N.E.2d 668.) Where the facts are undisputed, however, and are susceptible to but a single inference, the question of whether an injury arose out of and in the course of employment becomes a question of law. (*Hansel & Gretel Day Care Center v. Industrial Comm'n* (1991), 215 Ill. App. 3d 284, 293, 574 N.E.2d 1244, 1250; *Fischer v. Industrial Comm'n* (1986), 142 Ill. App. 3d 298, 303, 491 N.E.2d 1333, 1337.) Where an employee is exposed by virtue of his employment to a risk to a greater degree than the general public, a resulting injury is considered to have arisen out of his employment. *Komatsu Dresser Co. v. Industrial Comm'n* (1992), 235 Ill. App. 3d 779, 787, 601 N.E.2d 1339, 1344.

In the present case, the facts are not in dispute, but Anco maintains that the inference to be drawn from those facts is. Anco disingenuously contends that the inference to be drawn is whether the injury described was caused by a risk attributable to employment, and the Commission drew the reasonable inference that it was not. We disagree with Anco's characterization of the issue. An "inference" is a truth or proposition which is a logical consequence of truths or propositions supposed or admitted to be true. (Black's Law Dictionary 417 (4th ed. 1968).) Where the facts are not in dispute, however, the question of whether an injury is caused by a risk attributable to employment is not a factual inference drawn from the other facts but is the legal conclusion to be determined by them. Were we to accept the argument that the question of whether an injury arose from a risk attributable to employment is an inference to be drawn from undisputed facts, then any set of undisputed facts will always be susceptible to two competing inferences: that the injury arose from a risk attributable to employment or that the injury did not arise from a risk attributable to employment. The question of whether an injury arose out of employment could therefore never be a question of law, even where the facts are undisputed.

Because the facts in the present case were not in dispute and because they do not give rise to competing inferences, the question of whether claimant was injured as a result of exposure to a risk to a greater extent than the general public was, in this case, a question of law. As such, the Commission's resolution thereof is not binding upon courts of review. (*Buchino v. Industrial Comm'n* (1988), 172 Ill. App. 3d 162, 165, 526 N.E.2d 425, 426, citing *Osborn v. Industrial Comm'n* (1971), 50 Ill. 2d 150, 277 N.E.2d 833; *Stevenson Olds Sales & Service v. Industrial Comm'n* (1986), 140 Ill. App. 3d 703, 489 N.E.2d 328.) The circuit court was free to make its own determination, as are we.

Claimant's duties required him to bend and stoop to read an air gauge approximately one foot off the ground and to do so on the uneven ground of a construction site. This differs both in type and frequency from the type of bending and stooping in which the average member of the general public could be expected to ordinarily engage. Reviewing the record, we conclude that the circuit court correctly determined that the type of bending and squatting required of claimant by virtue of the nature of his job is not the same which would commonly be expected to be performed by the general public. This determination, combined with the lack of dispute as to the facts of the case, leads us to conclude, therefore, as a matter of law, that claimant's injury was the result of being exposed to a risk to a greater degree than the general public.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

McCULLOUGH, P.J., and RAKOWSKI, WOODWARD, and SLATER, JJ., concur.