(No. 51776.-

INTERNATIONAL VERMICULITE COMPANY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Thomas H. Grady, Appellee).

*Opinion filed September 19, 1979.*

2

Henry D. Noetzel & Associates, of Peoria (William J. Thomas, of counsel), for appellant.

Calandrino, Logan & Robeson, of Springfield (Frank S. Calandrino, of counsel), for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

The sole issue presented by the employer, Interna-

tional Vermiculite Company, in this workmen's compensation case is whether compensation awarded by the arbitrator, affirmed by the Industrial Commission and confirmed by the circuit court of Sangamon County, is contrary to the manifest weight of the evidence.

No useful purpose would be served by a detailed recitation of the facts. Suffice it to say that the claimant, Thomas H. Grady, a 47-year-old production foreman, was climbing the outside of a 20-foot bin during the course of his employment on March 17, 1975, when he felt a sharp pain in the back of his right knee. Examination of the leg three weeks later revealed severe blockage of the main artery behind the knee. Three surgical operations failed to restore proper blood circulation to the leg. The claimant's treating physician testified that the claimant suffers from arteriosclerosis in both legs; that arteriosclerosis is a degenerative disease which can result in a total blockage of the arteries; that numerous factors, such as smoking and diet, may accelerate the degenerative condition, and that the stress to the claimant's leg could have caused the blockage, thereby aggravating the claimant's preexisting condition. The employer submitted the expert testimony of a physician who opined that both the claimant's heavy smoking and the injury to the claimant's right knee may have accelerated the development of arteriosclerosis, but that the severe blockage in the claimant's artery was more likely to have resulted from gradual degeneration than from a specific injury.

We have repeatedly held that it is peculiarly within the province of the Industrial Commission to resolve *precisely* the issues presented here by the employer. The claimant's injury need not be the sole factor which aggravates a preexisting condition, so long as it is a factor which contributes to the disability. (*Riteway Plumbing v. Industrial Com.* (1977), 67 Ill. 2d 404, 411-12; *Proctor Community Hospital v. Industrial Com.* (1969), 41 Ill. 2d

537, 542.) If the injury is a contributing factor, compensation will be allowed even if it is also possible that the claimant's disability may have resulted from natural degenerative change or from other contributing factors, such as smoking. (*Westinghouse Electric Co. v. Industrial Com.* (1976), 64 Ill. 2d 244, 249-50.) The opinions of both medical witnesses, that the claimant's injury might have aggravated his preexisting condition, easily satisfied the claimant's burden of proof. (See *Memorial Medical Center v. Industrial Com.* (1978), 72 Ill. 2d 275, 279-81; *County of Cook v. Industrial Com.* (1977), 69 Ill. 2d 10, 18.) Even if one of the medical witnesses was equivocal on the question of causation, it is for the Commission to decide which medical view is to be accepted, and it may attach greater weight to the opinion of the treating physician. (*Holiday Inns of America v. Industrial Com.* (1969), 43 Ill. 2d 88, 89-90; *Proctor Community Hospital v. Industrial Com.* (1969), 41 Ill. 2d 537, 541.) In our judgment, the Commission's findings were not against the manifest weight of the evidence. Accordingly, the judgment of the circuit court of Sangamon County is affirmed.

*Judgment affirmed.*