(No. 51802.—

PULLIAM MASONRY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (James Johnson, Appellee).

*Opinion filed November 21, 1979.*

470

Patrick J. Cadigan, of Gillespie, Cadigan & Gillespie, of Springfield, for appellant.

Frank S. Calandrino, of Calandrino, Logan & Robeson, of Springfield, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

The employer, Pulliam Masonry, appeals from an order of the circuit court of Sangamon County which confirmed the Industrial Commission's award of compensation to claimant, James Johnson. The Commission, in adopting the arbitrator's recommendation, determined

that the claimant had sustained accidental injuries arising out of and in the course of his employment, and that such injuries caused the temporary disability of the claimant. Claimant was awarded $2,413 as compensation and $61 for necessary medical services.

The employer asserts that claimant failed to establish a causal connection between the accident and his present condition, and that the award of compensation was contrary to the manifest weight of the evidence.

On June 1, 1975, the claimant, while employed as a brick layer, reached overhead to lift a 50-pound block onto a scaffold. He experienced a sharp pain in his lower back and between his shoulders. The parties stipulated that the employer was given due notice of the accident. Because the claimant was unable to continue lifting the 50-pound blocks, he was given lighter duty. He worked sporadically until October 28, 1975. Several months after the accident, he sought treatment from Dr. David Mack, an orthopedic surgeon whose report was introduced into evidence. Dr. Mack hospitalized claimant in February of 1976 and performed a myelogram which revealed a narrowing of the spinal canal.

Claimant's condition was evaluated by Dr. Horacio Rivero in August 1976. The diagnosis in his report was lumbar and cervical strain superimposed upon preexisting pathology in the spinal column, which precluded the claimant from performing manual labor.

The employer introduced no medical evidence.

A causal connection between an accident and a claimant's condition may be established by a chain of events including the claimant's ability to perform manual duties before an accident, a decreased ability to so perform immediately after an accident, and other circumstantial evidence. (*Union Starch & Refining Co. v. Industrial Com.* (1967), 37 Ill. 2d 139, 143.) It is not necessary to establish a causal connection by medical testimony. (*Westinghouse Electric Co. v. Industrial Com.* (1976), 64 Ill. 2d 244,

250.) The facts of this case clearly establish a causal connection. Moreover, the factual question of a causal relationship is peculiarly within the province of the Commission, and its decision will not be set aside unless it is contrary to the manifest weight of the evidence. *International Vermiculite Co. v. Industrial Com.* (1979), 77 Ill. 2d 1, 4; *Orr v. Industrial Com.* (1970), 47 Ill. 2d 242, 243; *Boyd v. Industrial Com.* (1970), 44 Ill. 2d 318, 320.

The claimant's inability to work is evidenced by Dr. Rivero's report, which states that the loss of the use of the left shoulder and arm prevents the performance of manual labor which requires repetitive motion of the left shoulder joint, heavy lifting and overhead reaching. The same conclusions are stated as to the injuries to the lower back and legs. The report also specifically refers to an aggravation of a preexisting congenital abnormality. No contradictory medical evidence was introduced. If the claimed accident is a contributing factor which aggravates a preexisting condition compensation will be allowed. *International Vermiculite Co. v. Industrial Com.* (1979), 77 Ill. 2d 1, 3-4.

In our judgment, the Commission's findings were not against the manifest weight of the evidence.

Accordingly, the judgment of the circuit court of Sangamon County is affirmed.

*Judgment affirmed.*