(No. 51958.—)

EUGENE ROSS, Appellant, v. THE INDUSTRIAL COM-
MISSION *et al.* (Western Electric Co., Appellee).

*Opinion filed March 21, 1980.*

Eugene Ross, *pro se,* appellant.

Kane, Doy & Harrington, of Chicago (Arthur O. Kane, of counsel), for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

Eugene Ross, a sealer and furnace operator employed by Western Electric Company, filed a claim under the Workmen's Compensation Act (Ill. Rev. Stat. 1971, ch. 48, par. 138.1 *et seq.*) for permanent injuries allegedly sustained on two occasions during the course of his employment. An arbitrator, after a hearing, concluded that the claimant had suffered an accidental injury which arose out of and in the course of his employment, but he denied an award on the ground that he failed to prove any consequent disability. The Industrial Commission affirmed the denial of compensation, and the circuit court of Cook County confirmed the decision of the Commission. The claimant has brought a direct appeal to this court under Rule 302(a)(2). 73 Ill. 2d R. 302(a)(2).

At the hearing before the arbitrator the claimant testified that on December 31, 1971, while attempting to bend a 20-foot electrical cable out from under the cable guard in order to seal it, the cable broke loose and struck him in the lower part of his back. He said that he felt an immediate numbness and upon informing his supervisor of the incident was taken directly to the company's hospital. After receiving medication from a company nurse he returned to work and completed his shift. The claimant testified that he was examined the next day by Dr. Milton Glascoe, and on January 6, 1972, was admitted to Walther Memorial Hospital, where he was placed under the care of a private physician. He remained at the hospital for two weeks and convalesced at home for two to three weeks. He returned to work in February of 1972.

The claimant testified that on returning to Western Electric he initially was given lighter duties but several

weeks later he was reassigned to his regular duties as a sealer and furnace operator. He said that on July 18, while opening an oven door to bake a cable, it too broke loose from the cable guard and struck him in the same lower region of the back. The claimant has not returned to work since this incident. He contends that his inability to work and his current permanent disability were directly caused by the December 1971 and July 1972 injuries to his back and that the Industrial Commission erred in affirming the arbitrator's decision denying an award.

The question here is whether the Commission's finding that the claimant did not suffer a disability from the accidents was contrary to the manifest weight of the evidence.

The record reveals that the claimant has experienced back difficulties since 1955, which on several occasions have required hospitalization as well as continuous use of a back brace. He was admitted to Walther Memorial Hospital in January of 1972 complaining of chronic stomach pains, which were later diagnosed as due to an ulcer, and of back problems. The earliest medical record which pertains to the claimant's back condition after the December and July incidents which was submitted into evidence is dated October 2, 1972. A report by Dr. Irwin Barnett stated that X rays indicated a degenerative arthritic condition of the spine caused by a flattening of the fifth lumbar disc, which also gave rise to a herniated disc syndrome with secondary bilateral nerve root irritation. The record shows from testimony by the claimant and his treating physician, Dr. Herman Neal that the claimant was involved in a car accident in February of 1973 and that one month later he was hospitalized for a collapsed lung. In a medical report prepared by Dr. Neal in April of that year he stated that the claimant's degenerative spinal arthritis "could have been activated" by the car collision. Dr. Neal also stated on cross-examination that he filled out another medical report, admitted as

evidence in a personal injury suit filed by the claimant, which stated that he considered the claimant to be permanently disabled as a direct result of the February car accident and of the collapsed lung suffered one month later. The claimant is presently unemployed and is receiving pension benefits from Western Electric as well as regular medical treatment for his back from Dr. Neal.

Though there is some evidence to suggest that the claimant's condition might have been aggravated by the December 1971 and July 1972 injuries, the record clearly shows that the degenerative arthritic state of the claimant's spine has existed over an extended period of time and may have been aggravated by circumstances unrelated to his employment. The question of whether a claimant's disability is attributable to a degenerative condition or to an aggravation of a preexisting condition because of an accident is a question of fact to be decided by the Industrial Commission. (*International Vermiculite Co. v. Industrial Com.* (1979), 77 Ill. 2d 1.) A finding of the Commission will not be disturbed on review unless it is contrary to the manifest weight of the evidence, even though a court might draw different inferences from the same evidence. (*Phelps v. Industrial Com.* (1979), 77 Ill. 2d 72.) Upon reviewing the evidence, we conclude that the Industrial Commission's finding that the claimant failed to prove he had sustained compensable injuries which arose out of and in the course of his employment was not contrary to the manifest weight of the evidence.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*