(No. 53226.— )

AZZARELLI CONSTRUCTION COMPANY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Harlen Tinsley, Appellee).

*Opinion filed March 18, 1981.*

Francis J. Lynch, of Braun, Lynch, Smith & Strobel, Ltd., of Chicago, for appellant.

Perz & McGuire, of Chicago (Frank M. Perz and James M. Ridge, of counsel), for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

In this workmen's compensation case, the arbitrator awarded plaintiff, Harlen Tinsley, 26 weeks of compensation for total temporary disability and 200 weeks of compensation for partial permanent disability, at $172.67 per week. The arbitrator also awarded plaintiff $5,893.65 for necessary medical and hospital expenses. On review, the Industrial Commission awarded plaintiff $172.67 per week for life for permanent total disability and increased his award for medical expenses by $32,388. (See Ill. Rev. Stat. 1975, ch. 48, par. 138.1 *et seq.*) The circuit court of Kankakee County found that the Commission's findings were not against the manifest weight of the evidence and confirmed the Commission's decision.

The defendant contends that plaintiff failed to establish (1) that his permanent total disability is attributable to a work-induced myocardial infarction rather than to his underlying condition of atherosclerosis and (2) that his medical expenses accompanying the bypass surgery were caused by the infarction, thereby rendering the Commission's awards to be against the manifest weight of the evidence.

Prior to November 14, 1975, plaintiff had atherosclerosis. On this date, he and his foreman lifted a 250-pound water pump from a vehicle to a ditch that contained ice. Plaintiff then carried a gasoline can and two 100-pound hoses to the ditch, pulled a hose through a culvert, and jerked the water pump into position. At this point, he experienced pain in his chest which traveled to his back, left shoulder and left hand. He started the water pump, then became very ill and experienced severe chest pain. Plaintiff was taken to the hospital, where he was diagnosed as having suffered a myocardial infarction, which was described as the destruction of a portion of

the heart muscle resulting from an insufficient supply of blood to that organ. Plaintiff remained in the hospital 23 days, then returned home, where he did not improve. In February 1976 he spent a total of 22 days in two different hospitals. In March he returned to one of the hospitals, where he underwent open-heart surgery. In August 1976, while assisting in removing a barrel from a crawl space under the house of his son-in-law, plaintiff experienced a recurrence of the prior severe pain. Subsequent to this incident, plaintiff frequently suffered either constant or intermittent pain. He was hospitalized five times between the work accident and the barrel incident, and nine times thereafter for cardiovascular problems. Plaintiff has neither worked nor sought work following the infarction.

The defendant employer, Azzarelli Construction Company, concedes that, as a result of the accident, plaintiff sustained a myocardial infarction which produced some permanent disability. Defendant also concedes that the plaintiff is entitled to compensation for a reasonable period of time for total temporary disability, for medical and hospital expenses necessary for the care and treatment of the myocardial infarction, and to some compensation for permanent injury due to the myocardial infarction. Defendant argues, however, that its expert witness, Dr. William Buckingham, testified that plaintiff's permanent total disability is a result of plaintiff's underlying condition of coronary atherosclerosis, aggravated by excessive smoking and by diet, rather than a result of the accident and subsequent infarction. Defendant also argues that plaintiff's bypass surgery was required by the atherosclerosis, and that the medical expenses for and following the surgery are not its responsibility. Defendant contends that this evidence is unrebutted because plaintiff's expert, Dr. Nathaniel Greenberg, did not address the relationship between the work-induced infarction and plaintiff's

permanent disability, nor between the infarction and the bypass surgery.

We disagree. It is true that the evidence showed that but for the atherosclerosis the infarction and its aftermath of illness would not have occurred. But Dr. Buckingham's testimony that the plaintiff's present condition is not related to the myocardial infarction was disputed by plaintiff's expert. Dr. Greenberg testified that the infarction was a permanent condition, as it is the destruction of a portion of the heart muscle. He also testified that the disability resulting from the infarction had not ceased, and he repeatedly denied that the cause of the present disability was the coronary artery disease rather than the myocardial infarction. As to the expenses for the bypass surgery, Dr. Buckingham's conclusion that the surgery was unrelated to the infarction was also disputed by Dr. Greenberg. He stated, "[There] probably would have [been] no need for a bypass surgery if he [plaintiff] had not had a myocardial infarction in the first place." It is apparent that Dr. Greenberg believed the myocardial infarction contributed to plaintiff's disability as well as to the coronary bypass surgery.

From the conflicting evidence of the opposing experts, the Commission evidently concluded that a causal connection existed between the accident-induced myocardial infarction and plaintiff's permanent total disability, as well as between the infarction and the coronary bypass surgery. The question of whether a claimant's disability is attributable to a degenerative condition or, because of an accident, to an aggravation of a preexisting condition, is a question of fact to be decided by the Industrial Commission. (*Ross v. Industrial Com.* (1980), 79 Ill. 2d 258, 261; *International Vermiculite Co. v. Industrial Com.* (1979), 77 Ill. 2d 1, 3-4 (a case with a very similar factual situation); *Proctor Community Hospital v. Industrial Com.* (1969),

41 Ill. 2d 537, 542.) The claimant's injury need not be the sole factor that aggravates a preexisting condition, so long as it is a factor that contributes to the disability. (*Pulliam Masonry v. Industrial Com.* (1979), 77 Ill. 2d 469, 472; *International Vermiculite Co. v. Industrial Com.* (1979), 77 Ill. 2d 1, 3; *Westinghouse Electric Co. v. Industrial Com.* (1976), 64 Ill. 2d 244, 249; *International Harvester Co. v. Industrial Com.* (1970), 46 Ill. 2d 238, 246; *Proctor Community Hospital v. Industrial Com.* (1969), 41 Ill. 2d 537, 542.) If the injury is a contributing factor, compensation will be allowed even if natural degenerative change or other factors, such as smoking, contributed to claimant's disability. *International Vermiculite Co. v. Industrial Com.* (1979), 77 Ill. 2d 1, 4.

We have often stated that the Industrial Commission shall determine the nature and extent of an employee's disability, drawing reasonable inferences from, among other things, medical evidence. The Commission's determination will be upheld, particularly in the presence of conflicting medical opinions, unless it is contrary to the manifest weight of the evidence. (*Morgan v. Industrial Com.* (1980), 82 Ill. 2d 524, 527; *Inland Steel Coal Co. v. Industrial Com.* (1980), 81 Ill. 2d 61, 65; *International Vermiculite Co. v. Industrial Com.* (1979), 77 Ill. 2d 1, 4.) There is no evidence that prior to November 14, 1975, plaintiff experienced any difficulty in performing manual labor. Since November 14, 1975, plaintiff has been unable to work. Notwithstanding the existence of the coronary atherosclerosis, plaintiff's disability began at and continued from the time of the employment-induced infarction. The Commission could reasonably have adopted Dr. Greenberg's conclusion that the original accident and resulting infarction were contributing factors in plaintiff's permanent total disability and in the open-heart surgery. Accordingly, in our judgment, the Commission's findings

were not against the manifest weight of the evidence.

For the above-stated reasons, the judgment of the circuit court of Kankakee County is affirmed.

*Judgment affirmed.*