(No. 57819.—

INTERLAKE, INC., Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Willie B. Allen, Appellee).

*Opinion filed December 1, 1983.*

Robert B. Ulrich, of Chicago (Seyfarth, Shaw, Fair-weather & Geraldson, of counsel), for appellant.

Discipio, Martay, Caruso & Simard, of Chicago (Francis M. Discipio, of counsel), for appellee.

JUSTICE UNDERWOOD delivered the opinion of the court:

This worker's compensation case arose on May 13, 1975, when claimant, Willie Allen, an employee of respondent, Interlake, Inc., fell into an 18-inch recessed area in the factory floor. As he fell, his back struck a machine part, and he immediately felt low back pain. He saw the company physician, who advised him to consult his family doctor. His family doctor treated him with pain and nerve medications, but without any lasting success. Claimant continued to work, but from late 1975 to early 1977 he sought additional medical advice from four different physicians, taking a medical leave of absence from work in 1976 to undergo therapy treatments prescribed by one doctor. When these failed to provide permanent relief, he consulted Dr. Arthur Connor in early 1977, who subsequently performed a spinal fusion and a right-side hemilaminectomy at L4 and L5.

Claimant testified that he cannot walk without the use of a cane, which was prescribed for him after the operation. He continues to have low back pain and has not returned from his medical leave of absence. Claimant, who has a seventh-grade education, and whose work ex-

perience is limited to jobs requiring physical labor, has not sought other work. He testified that he is unable to perform even simple household chores, such as dishwashing.

Prior to the 1975 work accident, claimant had injured his back twice. As the result of a 1970 work accident, a left-side hemilaminectomy at L4 and L5 had been performed with a resulting loss of a year's work. That workmen's compensation claim had been settled. After returning to work, claimant was examined by Dr. Edward Grossman, whose medical report noted instability in the lumbosacral area and the possible future need for a spinal fusion. Although claimant testified that he sought no medical attention for his back between 1972 and 1975, he admitted on cross-examination that he saw Dr. Carell Hutchison on several occasions in 1974 for injuries he incurred in an automobile accident. Dr. Hutchison's report stated that claimant had a recurrent low back syndrome with left-sided problems, that he wore a lumbosacral corset, and that the car accident seemed to have exacerbated a preexisting back injury.

An arbitrator for the Industrial Commission found that the 1975 work accident caused claimant to become wholly and permanently incapable of work and awarded compensation in the amounts of $88.90 per week for 323 weeks and $13.30 for one week under section 8(f) of the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.8(f)). Both parties sought review by the Industrial Commission, which affirmed the arbitrator's award. Respondent sought *certiorari,* and the circuit court of Cook County reversed and remanded, ordering the Commission to consider a 1972 report by Dr. Grossman which had been excluded at arbitration. Upon remand and admission of this report, the Commission again affirmed the arbitrator's award, and the circuit court confirmed. Respondent has appealed directly to

this court pursuant to our Rule 302(a) (87 Ill. 2d R. 302(a)).

At arbitration, Dr. Robert Busch, who was called by claimant, testified that the 1975 work accident could have caused claimant's condition, that the condition was permanent, and that claimant could not return to work. Dr. John Dwyer, called as a witness by respondent, concurred with Dr. Busch on causation, but respondent made an offer of proof that if Dr. Dwyer were allowed to consider Dr. Grossman's report, Dr. Dwyer would testify that the work accident did not cause claimant's condition. Dr. Dwyer also stated that, in his opinion, claimant could return to work that did not require repetitive lifting of more than 25 pounds or extensive climbing or walking. On review before the Commission, Dr. Connor testified that claimant's condition could have been caused by the 1975 work accident, and that claimant was unable to return to work for both physical and psychological reasons.

Relying on claimant's impeachment, the differing medical testimony, and the fact that claimant had not sought work, respondent urges that the Commission findings as to causation and disability are contrary to the manifest weight of the evidence. It is axiomatic that questions of witness credibility and the resolution of disputed medical opinions are for the Commission as the trier of fact. (*Ragler Motor Sales v. Industrial Com.* (1982), 93 Ill. 2d 66, 71; *Keystone Steel & Wire Co. v. Industrial Com.* (1978), 73 Ill. 2d 290, 293; *Lachona v. Industrial Com.* (1981), 87 Ill. 2d 208, 215; *South Import Motors, Inc. v. Industrial Com.* (1972), 52 Ill. 2d 485, 489.) While different conclusions could be drawn from the evidence, we are unable to say that those drawn by the Commission are contrary to the manifest weight of the evidence. *Odie v. Industrial Com.* (1982), 88 Ill. 2d 514, 519; *Pulliam Masonry v. Industrial Com.*

(1979), 77 Ill. 2d 469, 472.

The judgment of the circuit court of Cook County is accordingly affirmed.

*Judgment affirmed.*