(No. 57903.—

BRANDT TRUCK LINES, INC., Appellant, v. THE IN-DUSTRIAL COMMISSION *et al.* (Alan Slagell, Appellee).

*Opinion filed December 16, 1983.*

Cohn, Lambert, Ryan & Schneider, Ltd., of Chicago (Howard S. Fleishman, of counsel), for appellant.

Roger D. Lapan, of Bloomington, for appellee.

JUSTICE SIMON delivered the opinion of the court:

Alan Slagell filed a claim against his employer, Brandt Truck Lines, Inc., under the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.1 *et seq.*). The arbitrator awarded 25¹/₇ weeks of compensation for temporary total disability, 90 weeks' compensation for permanent partial disability caused by the 45% loss of use of the left leg, and $5,202.50 for necessary medical expenses. The arbitrator's award was approved by the Com-

mission and confirmed by the circuit court of McLean County. The employer raises two issues on appeal: Were Slagell's injuries causally related to the accident? Did the arbitrator err by basing her findings on a medical report which she had previously excluded from evidence?

On January 18, 1978, as claimant was getting out of the truck he had been driving for his employer, he fell six feet onto ice-covered asphalt. He immediately reported the accident to his supervisor. He was examined and X-rayed that night at a local hospital. According to hospital records, he complained of pain in the left knee and thigh. No prior history of left hip or shoulder pain was noted.

Claimant's testimony conflicted with some of the other evidence. Claimant's family physician, Dr. Grant A. Zehr, testified that he examined claimant on February 9. Claimant mentioned prior hip pain but did not mention any recent injury to his hip. Because he suspected degenerative joint disease, Dr. Zehr referred claimant to an orthopedic specialist, Dr. Thomas A. Eskestrand. Dr. Eskestrand's report mentions a history of prior hip pain but no recent injuries to the hip. Dr. Eskestrand diagnosed premature degenerative arthritis of the left hip. On cross-examination, claimant testified that he had no history of hip pain prior to the accident, and that if the doctors' reports stated that he had told them of prior hip pain, those reports were incorrect.

In February 1979 the claimant was examined and X-rayed by another orthopedic specialist, Dr. Mark B. Coventry at Mayo Clinic in Rochester, Minnesota. Claimant returned to Mayo Clinic in May 1979. At that time, he was admitted to St. Elizabeth's Hospital, where Dr. Coventry performed a surface replacement of the left femoral head (hip replacement).

At the hearing, the claimant offered the expert testimony of Dr. Gordon Shultz. In response to a hypothetical question, Dr. Shultz testified that the claimant's hip condi-

tion would not appear on an X ray for seven months after the injury was suffered. Dr. Shultz was then informed that he was looking at an X ray taken one day after Mr. Slagell's accident. Dr. Shultz responded affirmatively when asked whether a preexisting condition affecting the hip could have been aggravated by an accident such as the one the claimant suffered.

The employer argues that the various doctors' statements, and in particular Dr. Shultz' testimony, established that claimant's condition must have existed at least seven months prior to the accident, and that therefore the hip condition is not causally related to the accident and is not compensable. We do not agree. Although Dr. Shultz may have been inaccurate with regard to whether the accident was the original cause of the hip injury, he unequivocally stated that the accident could have been an aggravating factor. Nothing in the record contradicts this statement. The employer offered no expert to testify that the fall could not have aggravated preexisting conditions or that the surgery would have been required if claimant had not fallen. Work-related injuries which aggravate preexisting conditions are compensable in Illinois. *O'Neal Brothers Construction Co. v. Industrial Com.* (1982), 93 Ill. 2d 30, 39.

Whether compensable injuries are due to work-related aggravation of a preexisting condition is a question of fact for the Industrial Commission to decide. (*Caradco Window & Door v. Industrial Com.* (1981), 86 Ill. 2d 92, 99; *Republic Steel Corp. v. Industrial Com.* (1980), 82 Ill. 2d 76, 86; *Ross v. Industrial Com.* (1980), 79 Ill. 2d 258, 261.) The Industrial Commission is frequently confronted with inconsistent evidence. We will not overturn the Commission's findings of fact unless they are against the manifest weight of the evidence. (*City of Streator v. Industrial Com.* (1982), 92 Ill. 2d 353, 363; *Odie v. Industrial Com.* (1982), 88 Ill. 2d 514, 520.) The Commission, as

trier of fact, considered all the evidence and decided how much weight to give it. It is the Commission's obligation to evaluate the demeanor and credibility of the witnesses. Claimant's testimony regarding his condition before and after the accident supports the inference that any preexisting condition was aggravated by the accident. (*Cf. Pulliam Masonry v. Industrial Com.* (1979), 77 Ill. 2d 469, 471.) The X rays taken after the accident, and Dr. Shultz' testimony, are medical evidence in support of the Commission's finding. Since this finding is not against the manifest weight of the evidence, we will not disturb it.

The employer next suggests that the Commission erred by considering a rejected exhibit. At the hearing, claimant offered a medical report contained in a letter from Dr. Coventry to claimant's attorney, under Industrial Commission Rule 16. The arbitrator rejected the exhibit because it was not a hospital record. The letter referred to a fracture of the femoral head. In her findings of fact, the arbitrator listed a fracture of the femoral head.

Because there is ample evidence in the record to support the Commission's finding, any error in considering this evidence was harmless. "Failure to observe the formal, technical rules of procedure or evidence which apply to trials in court is not fatal to an award which is just upon the merits." (*Liquid Carbonic Co. v. Industrial Com.* (1933), 352 Ill. 405, 410.) The award is not against the manifest weight of the evidence, and we affirm the judgment of the circuit court.

*Judgment affirmed.*