DALLAS RUNION, Appellee, v. THE INDUSTRIAL COMMISSION *et al.*
(Owens-Illinois, Inc., Appellant).

Fifth District (Industrial Commission Division)   No. 5—92—0019WC

Opinion filed May 26, 1993.

Don W. Ward and Joanne Turner Stevenson, both of Pessin, Baird, Belsheim & Wells, of Belleville, for appellant.

Marsha D. Bronson, of Talbert & Mallon, P.C., of Alton, for appellee.

JUSTICE RAKOWSKI delivered the opinion of the court:

The employee, Dallas Runion (claimant), filed his claim pursuant to the Illinois Workers' Occupational Diseases Act (Ill. Rev. Stat. 1985, ch. 48, par. 172.36 *et seq.*) against Owens-Illinois, Inc. (employer). Following a hearing, the arbitrator denied the claim, finding that claimant failed to prove that his illness was caused or aggravated by his employment. The Industrial Commission (Commission) affirmed, but on judicial review, the circuit court reversed and entered

judgment in favor of the claimant. The sole issue on appeal is whether the Commission's decision was against the manifest weight of the evidence. We reverse.

The relevant facts follow. For the 28 years prior to April 30, 1985, his last day of work, claimant had worked as a lathe operator for employer. On March 31, 1982, claimant was admitted to St. Anthony's Hospital by his wife. Claimant was agitated and very suspicious. He complained of hearing voices and that his room, phone, and car were bugged. Claimant was discharged on April 6, 1982, but he was treated on an outpatient basis by Dr. Chand for about six months. He was released to work on October 11, 1982.

Claimant worked without incident for over two years, during which time no psychiatric treatment was sought by claimant. On April 30, 1985, claimant was allegedly accused by his supervisor of causing a lathe to break down. Claimant went on permanent sick leave on that date and began treatment with Dr. Dennis two days later. Dr. Dennis continued treating the claimant for approximately one year.

During this period, on June 28, 1985, claimant was taken to the Alton Mental Health Center by the Madison County sheriff's department after threatening family members with a gun. He was discharged on July 19, 1985. The final diagnosis was schizophrenia, paranoid type.

Dr. Dennis, claimant's psychologist, testified that work did not cause his condition. He testified that he relied solely on claimant's statements to determine what the triggering event to the 1985 psychosis was, but that he would not trust a patient to know what triggered a psychosis. Dr. Dennis concluded that claimant's perception at work may not have been real.

Dr. Stillings testified on behalf of the employer. Dr. Stillings, as Dr. Dennis, stated that the claimant's disorder was genetic in origin. As such, this condition was not aggravated by the environment but existed on its own through a biochemical imbalance in the neurotransmitters. That is, claimant's depressed condition was not aggravated by any alleged events at work, but because of his depressed condition, anything that he perceived at work would invoke the abnormal response.

On August 8, 1990, claimant died of a self-inflicted gunshot wound.

In *Pathfinder Co. v. Industrial Comm'n* (1976), 62 Ill. 2d 556, 343 N.E.2d 913, the claimant pulled a co-worker's severed hand from a machine, fainted, and subsequently suffered psychological problems. In upholding the Commission's award, the supreme court stated that

the claimant experienced a sudden, severe emotional shock, which would be the reaction of a person of normal sensibilities who, attempting to aid an injured co-worker, reached in and drew a severed hand from the press. *Pathfinder*, 62 Ill. 2d at 567, 343 N.E.2d at 919.

The requirement that the psychological problems must be the result of a sudden, severe shock was emphasized in *General Motors Parts Division v. Industrial Comm'n* (1988), 168 Ill. App. 3d 678, 522 N.E.2d 1260. In *General Motors*, the claimant sought compensation for psychic injury suffered after his supervisor verbally assaulted him with profane, racial slurs. While the court noted that recovery for mental incapacity resulting from a work-related injury is a compensable injury in Illinois (*General Motors*, 168 Ill. App. 3d at 685, 522 N.E.2d at 1265), the opinion went on to say:

> "[T]he supreme court's decision in *Pathfinder* is limited to the narrow group of cases in which an employee suffers a sudden, severe emotional shock which results in immediately apparent psychic injury and is precipitated by an uncommon event of significantly greater proportion or dimension than that to which the employee would otherwise be subjected in the normal course of employment." *General Motors*, 168 Ill. App. 3d at 687, 522 N.E.2d at 1266.

The court concluded that the claimant "failed to establish the verbal abuse he suffered, albeit unpleasant, was anything other than an ordinary incident of employment which is not uncommon to and might well be encountered in a great many occupations." *General Motors*, 168 Ill. App. 3d at 688, 522 N.E.2d at 1266.

In *Chicago Board of Education v. Industrial Comm'n* (1988), 169 Ill. App. 3d 459, 523 N.E.2d 912, a teacher sought compensation for a mental disorder resulting from verbal and physical assaults by students. In reversing the Commission's award, the court held that on-the-job stress, of itself, is not a disease. (*Chicago Board of Education*, 169 Ill. App. 3d at 466, 523 N.E.2d at 917.) "To *** allow compensation for any mental diseases and disorders caused by on-the-job stressful events or conditions would *** open a floodgate for workers who succumb to the everyday pressures of life." (*Chicago Board of Education*, 169 Ill. App. 3d at 466, 523 N.E.2d at 917.) Besides being extraordinary, the conditions producing the disability must exist in reality from an objective standpoint, and the conditions must be the major contributory cause of the the mental disorder. *Chicago Board of Education*, 169 Ill. App. 3d at 468, 523 N.E.2d at 918; see also *Board of Education v. Industrial Comm'n* (1989), 182 Ill. App. 3d 983, 538 N.E.2d 830.

.  .

The most recent case dealing with this issue is *City of Springfield v. Industrial Comm'n* (1991), 214 Ill. App. 3d 301, 573 N.E.2d 836. In *Springfield*, the claimant, a fire inspector, testified that his workload, politics, interpretation of rules, and discrimination by supervisors over a four-year period led to stress-related mental disease. In reversing the Commission's award, we held that because the conditions that the claimant referred to were not unique to the claimant's employment or to the claimant himself, the claimant did not satisfy the test that would allow the court to find that he suffered an occupational disease. *Springfield*, 214 Ill. App. 3d at 309, 573 N.E.2d at 842.

In the case *sub judice*, the claimant seeks compensation under the Workers' Occupational Diseases Act for the aggravation of his preexisting condition that resulted in his 1985 breakdown. The claimant alleges that the stress of work slowly built up over an 18-month period. He argues that even if the illness was genetic, the issue is whether the conditions in his work environment aggravated his mental illness or accelerated the processes which led to his breakdown in April 1985. Claimant relies on *Azzarelli Construction Co. v. Industrial Comm'n* (1981), 84 Ill. 2d 262, 418 N.E.2d 722.

*Azzarelli* is clearly distinguishable from the the case *sub judice*. In *Azzarelli*, the claimant sought benefits because he suffered a heart attack while at work. The supreme court's support for the statement that a claimant's injury need not be the sole factor that aggravated a preexisting condition, so long as it is "a factor" that contributed to the disability, comes from cases that all dealt with physical injuries at the workplace that resulted in disabilities. (See *Azzarelli*, 84 Ill. 2d at 267, 418 N.E.2d at 724.) In the case *sub judice*, we are dealing with a mental disability and therefore a different standard applies.

Recovery for nontraumatically induced mental disease is limited to those who can establish that: (1) the mental disorder arose in a situation of greater dimensions than the day-to-day emotional strain and tension which all employees must experience; (2) the conditions exist in reality, from an objective standpoint; and (3) the employment conditions, when compared with the nonemployment conditions, were the "major contributory cause" of the mental disorder. *Chicago Board of Education*, 169 Ill. App. 3d at 468.

In the case *sub judice*, the factors allegedly contributing to claimant's schizophrenia (the dual operation, the timed production schedule, and the "scrap" policy) were the same for every employee. The employer notes that there was no disciplinary action taken regarding the machine that broke down. In fact, a supervisor, Dewey, and the Industrial Relations Director, Bailey, both testified that they

heard nothing of the incident, and the claimant's foreman, Moseby, never acted in the manner consistent with claimant's statement. (Moseby passed away before the hearing.)

In essence, the claimant has not shown that the pressure to not produce scrap, a closely timed production schedule, or a change to a new machine were conditions that were extraordinary to his employment. Furthermore, according to both doctors, claimant's perception of events may not have existed in reality. Finally, there were family conditions in evidence which could have caused the Commission to view the events at work, if they happened at all, as not a major contributory cause of the mental disorder.

In conclusion, the Commission's finding that claimant's psychosis was not a compensable illness under the Workers' Occupational Diseases Act was not against the weight of the evidence. In addition, the contention that the claimant's psychosis was aggravated by stress in the work place is not proper as a matter of law.

Accordingly, the order of the circuit court is reversed.

Reversed.

McCULLOUGH, P.J., and WOODWARD, STOUDER, and RARICK, JJ., concur.